UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
BOBBY HAYES,                        )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )   Civ. Action No. 08-0868 (ESH)
                                    )
DEPARTMENT OF YOUTH                 )
REHABILITATION SERVICES,            )
                                    )
       Defendant.                   )
_____ )

## MEMORANDUM OPINION

Pending before the Court is defendant's motion to dismiss this employment discrimination complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that it is untimely filed and brought against an improper party. By Order of September 9, 2008, plaintiff was advised to respond to the complaint by October 9, 2008, or risk dismissal on what the Court would treat as a conceded motion. Plaintiff has not responded to the motion or sought additional time to do so. Therefore, the Court will dismiss the complaint but on the sole ground that defendant is not the proper party-defendant.

Defendant asserts that the complaint is untimely because it was not filed within the requisite 90 days of plaintiff's receipt of the Equal Employment Opportunity Commission's right to sue notice dated January 23, 2008. Defendant notes "two dates stamped on the complaint," but erroneously "relies on the filed date of May 20, 2008," to support its untimeliness defense. (Def.'s Memorandum of Points and Authorities in Support of the Motion to Dismiss the Complaint at 1, n.1.) Because plaintiff is proceeding *in forma pauperis* (*see* Dkt. No. 2), he is "not responsible for the administrative delay associated with the Court's review of [the]

petition[] to proceed *in forma pauperis*[;] the presentation of a complaint accompanied with a petition to proceed *in forma pauperis* tolls the ninety-day period of limitations contained in the right to sue letter." *Guillen v. National Grange*, 955 F. Supp. 144, 145 (D.D.C. 1997) (citations omitted); accord *Washington v. White*, 231 F. Supp.2d 71, 75-76 (D.D.C. 2002) (citing cases). Under the circumstances presented, then, the Clerk's "Received" date of April 23, 2008, is controlling. Plaintiff's submission of the complaint on the 90th day from issuance of the right to sue notice constitutes a timely filed action. That said, plaintiff has not contested defendant's claim that the named defendant, Department of Youth Rehabilitation Services, may not be sued as an entity separate from the District of Columbia (Def.'s Mem. at 4), and he has neither named the District as a defendant nor moved to substitute the District as the proper party. Because plaintiff has shown no interest in prosecuting the complaint, the Court will dismiss the case without prejudice. A separate Order accompanies this Memorandum Opinion.

        /s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: October 21, 2008